1   STEVEN B. BITTER  (SBN: 156911)
2   TIMOTHY P. LINDELL  (SBN: 208966)
    GORDON & REES LLP
3   101 W. Broadway, Suite 2000
    San Diego, CA  92101
4   Telephone:  (619) 696-6700
    Facsimile:  (619) 696-7124
5   sbitter@gordonrees.com
    tlindell@gordonrees.com

6   Attorneys for Defendants
7   NAVIGATORS SPECIALTY INSURANCE
    COMPANY (formerly known as NIC
8   INSURANCE COMPANY and erroneously
    sued as NAVIGATORS INSURANCE COMPANY)
9   and NAVIGATORS MANAGEMENT
    COMPANY, INC.

10                  UNITED STATES DISTRICT COURT

11                 SOUTHERN DISTRICT OF CALIFORNIA

12
    CHRISTIAN NAYLOR, an individual; and      )   Case No.  **'12CV0297 BEN WMC**
13  CHRISTIAN NAYLOR dba NAYLOR               )
    CONSTRUCTION                              )   San Diego Superior Court
14                                            )   Case No. 37-2011-00060024-CU-BC-NC
                         Plaintiffs,          )
15                                            )   **DEFENDANTS NAVIGATORS**
                                              )   **SPECIALTY INSURANCE COMPANY**
16            vs.                             )   **(formerly known as NIC INSURANCE**
                                              )   **COMPANY and erroneously sued as**
17  NAVIGATORS INSURANCE COMPANY, a           )   **NAVIGATORS INSURANCE**
    corporation; NAVIGATORS MANAGEMENT        )   **COMPANY) AND NAVIGATORS**
18  COMPANY, INC., a corporation; LINCOLN     )   **MANAGEMENT COMPANY, INC.'S**
    GENERAL INSURANCE COMPANY, a              )   **NOTICE OF REMOVAL OF ACTION**
19  corporation; GEMINI INSURANCE            )   **PURSUANT TO 28 U.S.C. §§ 1332, 1441,**
    COMPANY, a corporation, W.R. BERKLEY      )   **and 1446**
20  CORPORATION, a corporation and DOES 1     )
    through 50, inclusive.                    )   Complaint filed:  November 22, 2011
21                                            )
                         Defendants.          )
22  _____  )

23  **TO THE JUDGES AND CLERK OF THE ABOVE-ENTITLED COURT:**

24         **PLEASE TAKE NOTICE** that defendants Navigators Specialty Insurance Company

25  (formerly known as NIC Insurance Company and erroneously sued as Navigators Insurance

26  Company) and Navigators Management Company, Inc. (collectively "Navigators") hereby

27  remove the above-entitled action from the Superior Court of the State of California for the

28  County of San Diego to the United States District Court for the Southern District of California

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

- 1 -

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332(a) because the parties have diversity of citizenship and the amount in controversy exceeds the sum of $75,000.

In support of this Notice of Removal, Navigators states as follows:

1.      On November 22, 2011, plaintiffs Christian Naylor and Christian Naylor dba Naylor Construction ("Plaintiffs") commenced this action by filing a Complaint in the Superior Court of the State of California for the County of San Diego entitled: *Naylor, et al. v. Navigators Insurance Company, et al.,* Case No. 37-2011-00060024-CU-BC-NC (the "State Action"). A true and accurate copy of the complaint in the State Action is attached hereto as Exhibit 1.

2.      On January 6, 2012, Plaintiffs served their Complaint and summons on Navigators. A true and accurate copy of the proof of service of the State Action on Navigators is attached hereto as Exhibit 2. A true and accurate copy of Navigators Answer to Plaintiffs' Complaint, filed on February 2, 2012 in the State Action, is attached hereto as Exhibit 3.

3.      Navigators is informed and believes that Plaintiffs are citizens of California. Paragraphs 1 and 2 of the Complaint allege that at all times material, Mr. Naylor, individually, and dba Naylor Construction resided in San Diego, California. (Exhibit 1.) Likewise, attached to the Complaint is an alleged copy of the declarations page to policy no. GS409639 ("Policy"). The declarations page of the Policy indicates that Plaintiffs' mailing address was P.O. Box 91264, San Diego, CA 92169. Likewise, the construction project underlying this matter was in San Diego County, California. (See Exhibit 1 (Complaint ¶ 13 and Exhibit F thereto.) As such, for purposes of diversity jurisdiction, Plaintiffs have their principal place of business in California and are citizens of California. *Industrial Techtonics, Inc. v. Aero Alloy* (1990) 912 F.2d 1090, 1094; *Jerguson v. Blue Dot Investment, Inc.* (1981) 659 F.2d 31.

4.      Plaintiffs' Complaint admits that the Navigators defendants are New York corporations. Because the Navigators defendants also maintain their principal place of business in New York, for diversity purposes, they are deemed citizens of New York. (28 U.S.C. § 1332(c)(1).)

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

DEFENDANTS' NOTICE OF REMOVAL OF ACTION (DIVERSITY)      CASE NO._____

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

5.      Plaintiffs' Complaint admits that Lincoln General Insurance Company ("LGIC") is a Pennsylvania corporation. Navigators is informed and believes that LGIC's principal place of business is in Pennsylvania. As such, for purposes of diversity jurisdiction, LGIC is deemed a citizen of Pennsylvania. (28 U.S.C. § 1332(c)(1).)

6.      Plaintiffs' Complaint admits that Gemini Insurance Company ("Gemini") is a Delaware corporation. Navigators is informed and believes that Gemini's principal place of business is Connecticut. As such, for purposes of diversity jurisdiction, Gemini is deemed a citizen of Delaware or Connecticut. (28 U.S.C. § 1332(c)(1).)

7.      Plaintiffs' Complaint admits that W.R. Berkley Corporation ("W.R. Berkley") is a Delaware corporation. Navigators is informed and believes that W.R. Berkley's principal place of business is Connecticut. As such, for purposes of diversity jurisdiction, W.R. Berkley is deemed a citizen of Delaware or Connecticut. (28 U.S.C. § 1332(c)(1).)

8.      Plaintiffs allege in the Complaint that they have incurred in excess of $65,000 in attorney fees and costs and that Plaintiffs are seeking recovery of those fees in addition to amounts paid in settlement of the underlying action, and punitive damages. (Exhibit 1 (Complaint ¶ 67 and Prayer).) Also, a letter from Michael Quade of Quade & Associates (counsel for Plaintiffs) to Geoffrey V. Pohl of Vela Insurance Services, Inc. (Exhibit K of the Complaint), states that the cost of repair utilized by Plaintiffs in the underlying construction defect lawsuit entitled *Stephen R. Stein, et al. v. Michael F. Aulert, et al.*, County of San Diego Superior Court, Case No. 37-2008-00092426-CO-CD-CTL (the "Underlying Action"), exceeds $1 million, that total damages exceed $3 million and that Naylor Construction is subject to approximately $190,000 in *Stearman* costs. (Exhibit 1.) Likewise, Plaintiffs' Motion for Good Faith Settlement filed in the Underlying Action asserts that the value of the claims asserted herein is approximately $100,000.00. (Exhibit 4, page 7:19-20.) Therefore, on information and belief, Navigators asserts that the amount in controversy in this action is in excess of $75,000, exclusive of interests and costs.

///

///

- 3 -

9.     This action is, therefore, a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and one which may be removed by Defendants to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that it is a civil action wherein the matter in controversy exceeds $75,000 (exclusive of interest and costs) and is between diverse citizens.

10.     Navigators is informed and believes that Gemini and W.R. Berkley were served with Plaintiffs' Complaint on January 9, 2012.  A true and accurate copy of Gemini's Answer to Plaintiffs' Complaint, filed in the State Action on January 25, 2012, is attached hereto as Exhibit 5.  (Declaration of Timothy P. Lindell ("Lindell Decl.") ¶ 6.)

11.     Navigators is informed and believes that LGIC was served with Plaintiffs' Complaint on January 17, 2012.  A true and accurate copy of LGIC's Answer to Plaintiffs' Complaint, filed in the State Action on January 26, 2012, is attached hereto as Exhibit 6. (Lindell Decl., ¶ 7.)

12.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" Navigators is informed and believes that they were the first defendants served in this action and that this notice is filed within 30 days after service on Navigators of Plaintiffs' Complaint.

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the San Diego Superior Court in the State Action.

14.     Pursuant to 28 U.S.C. § 1446(d), Navigators is providing a copy of this Notice of Removal to the respective counsel for Plaintiffs, LGIC, Gemini, and W.R. Berkley.

///
///
///
///
///
///

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

DEFENDANTS' NOTICE OF REMOVAL OF ACTION (DIVERSITY)     CASE NO._____

1   WHEREFORE, having provided notice as required by law, Navigators hereby removes

2   this action from the Superior Court of the State of California for the County of San Diego to this

3   Court, and requests that this Court exercise jurisdiction over all further proceedings in this

4   action.

5   Dated: February 3, 2012                    GORDON & REES LLP

6

7                                              By:    /s/ Timothy P. Lindell
                                                      Steven B. Bitter
                                                      Timothy P. Lindell
8                                                     sbitter@gordonrees.com
                                                      tlindell@gordonrees.com
9                                                     Attorneys for Defendants
                                                      NAVIGATORS SPECIALTY
10                                                    INSURANCE COMPANY
                                                      (FORMERLY KNOWN AS NIC
11                                                    INSURANCE COMPANY AND
                                                      ERRONEOUSLY SUED AS
12                                                    NAVIGATORS INSURANCE
                                                      COMPANY) AND NAVIGATORS
13                                                    MANAGEMENT COMPANY, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

NAVI/1075016/11617952v.1

- 5 -

DEFENDANTS' NOTICE OF REMOVAL OF ACTION (DIVERSITY)     CASE NO._____

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHRISTIAN NAYLOR and CHRISTIAN NAYLOR dba NAYLOR CONSTRUCTION

## DEFENDANTS
NAVIGATORS SPECIALTY INSURANCE COMPANY and NAVIGATORS MANAGEMENT COMPANY, INC., et al.

**(b)** County of Residence of First Listed Plaintiff <u>San Diego</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant <u>New York</u>
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
STEVEN B. BITTER (SBN: 156911)
TIMOTHY P. LINDELL (SBN: 208966)
Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700

Attorneys (If Known)
MICHAEL W. QUADE
CHERYL L. GUSTAFSON
Quade & Associates
3377 Carmel Mountain Road, Suite 250
San Diego, CA 92121

**'12CV0297 BEN WMC**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
1) Breach of Contract; 2) Breach of Covenant of Good Faith and Fair Dealing; 3) Injunctive Relief and Restitution Pursuant to Business & Professions Code § 17200

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $75,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
February 3, 2012

SIGNATURE OF ATTORNEY OF RECORD
/s/ Timothy P. Lindell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**       Example:        U.S. Civil Statute: 47 USC 553
                               Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

NAVI/1075016/11669577v.1

American LegalNet, Inc.
www.FormsWorkflow.com