UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN NAYLOR, an individual; and CHRISTIAN NAYLOR dba NAYLOR CONSTRUCTION,<br><br>Plaintiffs,<br><br>v.<br><br>NAVIGATORS INSURANCE COMPANY, a corporation; NAVIGATORS MANAGEMENT COMPANY, INC., a corporation; LINCOLN GENERAL INSURANCE COMPANY, a corporation; GEMINI INSURANCE COMPANY, a corporation, W.R. BERKLEY CORPORATION, a corporation and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 12-cv-297 BEN (WMc)<br><br>**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>[ECF No. 38.] |

**I. INTRODUCTION AND PROCEDURAL HISTORY**

On September 10, 2012, the Court held a telephonic discovery conference in the above-entitled matter. After hearing from counsel of record regarding the status of Defendant Gemini Insurance Company's responses to Plaintiff's Requests for Production, the Court requested briefing on Plaintiffs' motion to compel.

Plaintiff Christian Naylor of Naylor Construction is a general contractor. Defendant Gemini Insurance is the insurance company of one of Plaintiff's subcontractors, Coast Contracting & Development, Inc. Plaintiff contends it is an additional insured under the

subcontractor's policy with Gemini.  As proof of its status as an additional insured, Plaintiff argues it was provided with a Certificate of Insurance and Additional Insured Endorsement. In the course of discovery, Plaintiff propounded Requests for Production ("RFP") on Gemini and Gemini objected to the RFPs on the following grounds: (1) confidential trade secret; (2) privileged under the attorney-client and work product doctrines; (3) relevance; and (4) overbreadth.  Gemini's responsive document production consisted only of objections and certified copies of Gemini's insurance policies.  Plaintiff's filed the instant motion to compel to obtain Gemini's claims file and other documents it contends are relevant and needed to respond to Gemini's motion for summary judgment on the issue of whether Plaintiff is an additional insured as is required by the Gemini insurance policy.  The hearing on Gemini's motion for summary judgment is scheduled for October 15, 2012 at 10:30 a.m. before the Honorable Roger T. Benitez. [ECF No.40.]

### A. Gemini Insurance Company's Objections to Plaintiff's RFPs

Gemini argues Plaintiff's discovery requests are irrelevant and boilerplate in light of the fact that each of its insurance policies includes language defining an "additional insured" as: "an insured any person or organization for whom you are performing operations when you and such person or organization *have agreed in writing in a contract or agreement* that such person or organization be added as an additional insured on your policy." (Italics added.)  Gemini argues the Certificate of Liability Insurance provided to Plaintiff by its subcontractor's insurance broker does not qualify as a written contract to add an insured as is required under Gemini's policy, but is merely a receipt showing that some policy has been issued.  Gemini argues the majority of Plaintiff's one-size-fits-all production requests are irrelevant to the threshold issue here which is, does the Certificate of Liability Insurance ("COI") constitute a written contract or agreement under the Gemini policy language?  Gemini argues that the lack of an actual contract naming Plaintiff as an additional insured as required by Gemini makes Plaintiff's document requests on the issues of what may constitute an agreement or what would constitute a waiver of the additional insured policy provision irrelevant.

**B. Plaintiff's Motion to Compel Responses to Its Requests for Production**

Plaintiff argues it has the right to review Gemini's claims file to determine whether it contains any information to support Plaintiff's allegations rather than allowing Gemini to determine what in the claims file may be likely to lead to relevant evidence. Specifically, Plaintiff states it might discover information in the claims file pertaining to: (1) Gemini's reasons for declining coverage; (2) Gemini's initial interpretation and review of the policy language such that a waiver argument could be made in support of Plaintiff's claim; and (3) communications between Gemini and its broker regarding the Certificate of Insurance or the additional insured provisions. Plaintiff also argues it needs claims file information to oppose Gemini's pending motion for summary judgment[1] on the issue of whether Plaintiff is an additional insured under its subcontractor's policy with Gemini. Plaintiff notes that the standard of review for a motion to compel is broad-based and designed to assist Plaintiff not only in proving its contract claim on the issue of whether Plaintiff qualifies as an additional insured, but Plaintiff's overall claim for bad faith.

## II. Standard under Rule 26 of the Federal Rules of Civil Procedure

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This rule is to be considered broadly, to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

///

///

---

[1] *See* Fed. R. Civ. P. 56(d): If a nonmovant shows by affidavit, or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:...(2) allow time to obtain affidavits or declarations or to take discovery;...."

## III. DISCUSSION

The Court has reviewed the parties' briefing as well as Plaintiff's RFPs and Gemini's objections and responses. The Court finds many of Plaintiff's requests are general and overbroad (such as RFP Nos. 28-38 on data retention policies) and unlikely to assist Plaintiff in collecting facts to support its opposition to the motion for summary judgment on the limited issue of whether Plaintiff is an additional insured under the Gemini insurance policy.  In its motion to compel, Plaintiff acknowledges the time is not yet ripe for discovery on data retention issues and requests the Court reserve ruling on RFP Nos. 28 to 38 until, if necessary, a further document production and meet-and-confer process have been done. [ECF No. 38 at p. 8.]  The Court agrees.  Therefore, Plaintiff's motion to compel responses to RFP Nos. 28 to 38 is **DENIED WITHOUT PREJUDICE**.  As for requests that pointedly address the policy interpretation and claims handling information that Plaintiff contends is vital to support its claim and oppose the motion for summary judgment, Plaintiff's specifically identifies the following RFPs in the chart below for the Court's consideration in its motion to compel.  The Court's ruling appears in the third and last column.

| Request for Production No. | Arguments re: Relevance | **Court's Ruling** |
|---|---|---|
| #2: Any and all DOCUMENTS or tangible things RELATING TO the underwriting or issuance of YOUR liability Insurance POLICY numbers ... including all Schedules, Endorsements and Forms attached and made a part of the policy. | Plaintiff contends underwriting information would indicate whether Gemini included Plaintiff as a factor in its assessment of risk. | Risk assessment and the costs of coverage and/or premiums is not at issue in this case and is irrelevant on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 2 is DENIED.** |
| #3: Any and all DOCUMENTS pertaining to reinsurance, between February 26, 2004, and the present for the subject POLICY. | Plaintiff contends reinsurance information would indicate whether Gemini included Plaintiff as a factor in its assessment of risk. | Risk management between two or more insurance companies in an insurer/ reinsurer relationship is not at issue here and is irrelevant as to whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 3 is DENIED.** |

| | | |
|---|---|---|
| #4:  Any and all DOCUMENTS RELATING TO reserves for any CLAIMS made on the policy. | Plaintiff contends the establishment of a reserve may show whether Gemini believed there was coverage under the policy for additional insureds. | The threshold issue which permeates this case and is presented by Defendant's motion for summary judgment is whether there is coverage for Plaintiff as an additional insured. The establishment of, or amount of, reserves kept by Gemini in order to meet its insurance obligations is not at issue here and is irrelevant on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 4 is DENIED.** |
| #5 and #6: Any and all DOCUMENTS...COMMUNICATIONS.... RELATING TO the costs of any CLAIMS made on the POLICY that was handled by YOU from February 26, 2004 to present, including but no limited to memorandums, letters and electronic mail. | Plaintiff argues cost information is typically requested in a bad faith insurance case and cost information may suggest whether Gemini acted as if there was contract between Plaintiff and the subcontractor. | The costs incurred by Gemini as a result of claims made on the policy has no bearing on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP Nos. 5 and 6 is DENIED.** |
| #7: The originals of any and all DOCUMENTS RELATING TO YOUR complete underwriting file for the POLICY, including all information related to your investigation for any CLAIMS made on the POLICY from February 26, 2004 to the present, including but no limited to memorandums, letters and electronic mail. | Plaintiff contends underwriting information would indicate whether Gemini included Plaintiff as a factor in its assessment of risk. | Risk assessment and the costs of coverage and/or premiums is not at issue in this case and is irrelevant on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 7 is DENIED.** |

| | | |
|---|---|---|
| #8: The originals of any and all DOCUMENTS RELATING TO YOUR complete claims file for any CLAIMS made on the POLICY from February 26, 2004 to the present. | Plaintiff argues claim file related documents may demonstrate the applicability of Gemini's 'no contract' defense. | Plaintiff is entitled to discover nonprivileged documents re: *claims made under the additional insured provision* in the subcontractor's policy. **Plaintiff's motion as to RFP No. 8 is GRANTED as modified by the Court above.** |
| #9: Any and all COMMUNICATIONS published and/or transmitted through DEFENDANTS' INTRANET and/or INTERNET RELATING TO the POLICY. | Plaintiff argues claim file related documents may demonstrate the applicability of Gemini's 'no contract' defense. | Plaintiff is entitled to discover nonprivileged documents that *refer to the treatment or coverage of Plaintiff under the terms of the subcontractor's policy.* **Plaintiff's motion as to RFP No. 9 is GRANTED as modified by the Court above.** |
| #10: Any and all DOCUMENTS REGARDING, REFLECTING OR PERTAINING TO any and all COMMUNICATIONS, whether written or oral, between YOU and the Plaintiffs. | Plaintiff argues claim file related documents may demonstrate the applicability of Gemini's 'no contract' defense. | Plaintiff is entitled to discover the correspondence between it and Gemini as it pertains to the insurance policy at issue in this case. **Plaintiff's motion as to RFP No. 10 is GRANTED.** |
| #11: Any and all DOCUMENTS REGARDING, REFLECTING OR PERTAINING TO any and all COMMUNICATIONS, whether written or oral, between YOU and any other person/entity regarding the policy. | Plaintiff argues claim file related documents may demonstrate the applicability of Gemini's 'no contract' defense. In particular, Plaintiff argues the interactions between Gemini and its agents or brokers handling the policies may yield information on the significance of the Certificate of Insurance. | Plaintiff is entitled to discover nonprivileged documents that *refer to the treatment or coverage of Plaintiff under the terms of the subcontractor's policy*. **Plaintiff's motion as to RFP No. 11 is GRANTED as modified by the Court above.** |

| | | |
|---|---|---|
| #14: Any and all DOCUMENTS or tangible things RELATING TO the interpretation or meaning of any policy language, including but not limited to, grants of coverage and/or exclusions, relied upon by YOU to grant, limit or deny any and all insurance claims made under this POLICY. | Plaintiff contends in-house insurance documents explaining Gemini's policy on to how to interpret, administer or handle additional insured claims, may help the Court interpret the insurance policy language.<br><br>Gemini argues no documents on contract interpretation are needed because Plaintiff argued in its opposition to the MSJ that the "endorsement regarding an additional insured is policy language that is clear and unambiguous." | Ultimately, it is the province of the Court to make a threshold determination as to whether the language of the contract is unambiguous. *Curry v. Moody*, 40 Cal. App. 4th 1547, 1552 (Cal. Ct. App.1995). Until such time as the District Court makes that decision, Plaintiff is entitled to discover nonprivileged documents bearing on Gemini's understanding and handling of the additional insured language in the subcontractor's policy.<br>**Plaintiff's motion as to RFP No. 14 is GRANTED.** |
| #15: Any and all DOCUMENTS related to the policy benefits submitted, requested, approved or paid under the POLICY. | Plaintiff argues claim file related documents may demonstrate the applicability of Gemini's 'no contract' defense. | The benefits paid under the policy is not at issue here and is irrelevant on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured.<br>**Plaintiff's motion as to RFP No. 15 is DENIED.** |
| #16: Any and all DOCUMENTS or tangible things RELATING TO the POLICY for any losses from February 26, 2004 through present, including but not limited to DOCUMENTS from and to third party adjusters and any other consultant(s) YOU used to investigate claims made under the POLICY. | Plaintiff argues claim file related documents may demonstrate the applicability of Gemini's 'no contract' defense. | Losses suffered under the policy are not at issue here and are irrelevant on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured.<br>**Plaintiff's motion as to RFP No. 16 is DENIED.** |

| | | |
|---|---|---|
| #19: Any and all DOCUMENTS RELATING TO YOUR claims manuals. | Plaintiff contends in-house insurance documents explaining Gemini's policy on to how to interpret, administer or handle additional insured claims, may help the Court interpret the insurance policy language. | Plaintiff is entitled to discover nonprivileged documents bearing on Gemini's understanding and handling of the *additional insured language* in the subcontractor's policy.<br><br>**Plaintiff's motion as to RFP No. 19 is GRANTED as modified by the Court above.** |
| #20: Any and all manuals, guidelines, bulletins, directives, booklets, instruction, or other DOCUMENTS reflecting YOUR procedures, practices and methodologies for assessing any and all claims in good faith and fair dealing. | Plaintiff contends in-house insurance documents explaining Gemini's policy on to how to interpret, administer or handle additional insured claims, may help the Court interpret the insurance policy language. | Plaintiff is entitled to discover nonprivileged documents bearing on *Gemini's handling of the additional insured language* in the subcontractor's policy.<br><br>**Plaintiff's motion as to RFP No. 20 is GRANTED as modified by the Court above.** |
| #21: Any and all manuals, guidelines, bulletins, directives, booklets, instruction, or other DOCUMENTS reflecting YOUR procedures, practices and methodologies for training adjusters to handle claims in good faith and with fair dealing. | Plaintiff contends in-house insurance documents explaining Gemini's policy on to how to interpret, administer or handle additional insured claims, may help the Court interpret the insurance policy language. | Requests No. 21 is overbroad and seeks documents that are potentially duplicative of those documents produced in response to more carefully tailored RFPs.  Fed. R. Civ. P. 26(b)(2)(C).  **Plaintiff's motion as to RFP No. 21 is DENIED.** |
| #22: Any and all DOCUMENTS published and/or transmitted by DEFENDANTS regarding claims handling procedures for policies such as the POLICY issued to Coast Contracting. | Plaintiff contends in-house insurance documents explaining Gemini's policy on to how to interpret, administer or handle additional insured claims, may help the Court interpret the insurance policy language. | Plaintiff is entitled to discover nonprivileged documents bearing on Gemini's understanding and handling of the *additional insured language* in the subcontractor's policy.<br><br>**Plaintiff's motion as to RFP No. 22 is GRANTED as modified by the Court above.** |

| | | |
|---|---|---|
| #23: Any and all underwriting manuals, guidelines, bulletins, directives, booklets, instruction or other DOCUMENTS in use by YOU in the last ten years RELATING TO policies such as the POLICY issued to Coast Contracting. | Plaintiff contends in-house insurance documents explaining Gemini's policy on to how to interpret, administer or handle additional insured claims, may help the Court interpret the insurance policy language. | Risk assessment and the costs of coverage and/or premiums is not at issue in this case and is irrelevant on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 23 is DENIED.** |
| #24: Any and all DOCUMENTS or tangible things RELATING TO bad faith claims against YOU in the past 10 years RELATING TO policies such as the POLICY issued to Coast Contracting. | Plaintiff contends this information would demonstrate how Gemini interpreted other additional insured claims under similar circumstances. | Request 24 is overbroad and irrelevant to the threshold issue of whether the COI in this case qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 24 is DENIED.** |
| #25: Any and all COMPLAINTS filed against YOU in the past 10 years alleging Unfair Claims Practices....RELATING TO policies such as the POLICY issued to Coast Contracting. | Plaintiff contends this information would demonstrate how Gemini interpreted other additional insured claims under similar circumstances. | Request 25 is overbroad and irrelevant to the threshold issue of whether the COI in this case qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 25 is DENIED.** |
| #26: Any and all COMPLAINTS filed against YOU in the past 10 years with a pleading for relief of Extra Contractual damages RELATING TO policies such as the POLICY issued to Coast Contracting. | Plaintiff contends this information would demonstrate how Gemini interpreted other additional insured claims under similar circumstances. | Request 26 is overbroad and irrelevant to the threshold issue of whether the COI in this case qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 26 is DENIED.** |
| #27: Any and all DOCUMENTS, COMMUNICATIONS and tangible things RELATING TO prior versions, prior drafts, and/or policy language changes to YOUR POLICY within the last ten years. | Plaintiff contends in-house insurance documents explaining Gemini's policy on to how to interpret, administer or handle additional insured claims, may help the Court interpret the insurance policy language. | Historical changes to policy language are irrelevant on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 27 is DENIED.** |

| | | |
|---|---|---|
| #40-41: Exact copies...of all hard drives on the desktop computers..., servers and other electronic media related to this action from 2004 through present.<br><br>Exact copies of all relevant disks, CDs, DVDs and other removable media related to this action. | Plaintiff argues this information is typically requested in a bad faith insurance case. | Requests Nos. 40 and 41 are overbroad and burdensome. Fed. R. Civ. P. 26(b)(2)(C). **Plaintiff's motion as to RFP Nos. 40 and 41 is DENIED.** |
| #42: ALL DOCUMENTS that contain or otherwise relate to the facts or information that YOU contend, refutes, in any way, the allegations contained in the Complaint in this action. | Plaintiff argues this information is typically requested in a bad faith insurance case. | Requests No. 42 is overbroad and seeks documents that are potentially duplicative of those documents produced in response to more carefully tailored RFPs. Fed. R. Civ. P. 26(b)(2)(C). **Plaintiff's motion as to RFP No. 42 is DENIED.** |
| #43: Any and all DOCUMENTS including but not limited to those documents....RELATING TO any bonus plan/variable pay or incentive programs for YOUR claims personnel for the past ten years. | Plaintiff contends information on variable pay would indicate whether any factors other than applicable policy language were being considered during the handling of Plaintiff's claim. | Adjusters' bonus compensation structure is not at issue here and is irrelevant on the issue of whether the COI qualifies as a written agreement sufficient to name Plaintiff as an additional insured. **Plaintiff's motion as to RFP No. 43 is DENIED.** |

## IV. CONCLUSION

In accordance with the Court's findings expressed above, Defendants are ordered to produce documents in response to the relevant RFPs listed above **no later than October 10, 2012**.

**IT IS SO ORDERED.**

DATED: October 5, 2012

*WMcCurineJr.*

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court