FILED

13 MAR 12 PM 3:07

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ MP ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN NAYLOR, an individual; and CHRISTIAN NAYLOR dba NAYLOR CONSTRUCTION,<br><br>Plaintiffs,<br><br>vs.<br><br>NAVIGATORS INSURANCE COMPANY, a corporation; NAVIGATORS MANAGEMENT COMPANY, INC., a corporation; LINCOLN GENERAL INSURANCE COMPANY, a corporation; GEMINI INSURANCE COMPANY, a corporation, W.R. BERKLEY CORPORATION, a corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 12-CV-0297-BEN-WMC<br><br>**ORDER DENYING DEFENDANT GEMINI INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 28] |

## INTRODUCTION

Before the Court is a motion for summary judgment filed by Defendant Gemini Insurance Company. (ECF No. 28.) The sole issue raised is whether Plaintiff Christian Naylor, individually and doing business as Naylor Construction, ("Naylor") qualifies as an "additional insured" under a non-party's liability insurance policy with Gemini. Because Naylor presents evidence from which a jury

could find that he qualifies as an additional insured, Gemini's motion is **DENIED**.

## BACKGROUND

The following appears undisputed. Naylor was the general contractor on a construction project in 2004 and 2005 (the "Summit Avenue Project"). Coast Contracting & Development, Inc. ("Coast") was one of Naylor's subcontractors. Gemini insured Coast through two commercial general liability policies. The first (policy no. VCGP008343) covered the period of February 26, 2004 to February 26, 2005, and the second (policy no. VCGP010452) covered the period of February 26, 2005 to February 26, 2006. (Def.'s MSJ, Exs. 1 & 2).

Both Gemini policies contain a Blanket Additional Insured Endorsement (the "endorsement") extending coverage to "any person or organization for whom you are performing operations when you and such person or organization *have agreed in writing in a contract or agreement* that such person or organization be added as an additional insured on your policy. . . ." (emphasis added). The "you" refers to Coast, the named insured.

In November 2011, Naylor filed this action in state court against Gemini and others. Naylor asserts four causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (2) injunctive relief and restitution pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*; and (4) declaratory relief. The matter was removed here in February 2012. The gist of Naylor's claims is that he was wrongfully denied coverage as an additional insured under Gemini's policy in connection with litigation related to the Summit Avenue Project (the "Stein Action"). Gemini disputes that it has an obligation to Naylor.

Gemini moved for summary judgment in July 2012. Its sole argument is that Naylor has failed to present evidence of a written contract or agreement between Naylor and Coast that would satisfy the endorsement. After Naylor filed an opposition (ECF No. 34) and Gemini filed a reply (ECF No. 37.), the Court continued the motion hearing until December 17, 2012, at the parties' request. Two

weeks before that date, Naylor filed a revised opposition "based on additional discovery that has occurred since Naylor first filed its opposition." (ECF No. 61.) Gemini filed a revised reply. (ECF No 65.)[1] The Court vacated the hearing and now resolves the matter on the moving papers pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

### 1. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A district court considering a summary judgment motion draws all inferences from the underlying facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

A party that moves for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. *Travelers Indem. Co. v. Arena Grp. 2000, L.P.*, No. 05-CV-1435 JLS (CAB), 2007 WL 4170421, at *5 (S.D. Cal. Nov. 20, 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). It can do so by negating an essential element of the non-moving party's case, or by showing that the non-moving party failed to make a showing sufficient to establish an essential element on which that party will bear the burden of proof at trial. *Id.* Once the moving party has satisfied its burden, the non-moving party must produce evidence showing that there is a genuine issue for trial. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. The Court must deny summary judgment if, "viewing the evidence in the light most favorable to the non-moving party," there are genuine issues of material fact. *Leisek v. Brightwood Corp.*, 278

---

[1] The Court considers Naylor's revised response and Gemini's revised reply to be the operative filings. Accordingly, all references to the "Opposition" and "Reply" refer to the documents filed at ECF Nos. 61 and 65.

1 F.3d 895, 898 (9th Cir. 2002).

2 In California, the interpretation of an insurance policy is a question of law. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992). Courts look first to the language of the contract in order "to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Waller*, 11 Cal. 4th at 18. "If contractual language is clear and explicit, it governs. On the other hand, if the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." *Bank of the West*, 2 Cal. 4th at 1264-65 (internal citation and quotation marks omitted). When a policy endorsement expands coverage, as here, it is the plaintiff's burden to prove that he falls within the scope of coverage. *See Del Real v. U.S. Fire Ins.*, 64 F. Supp. 2d 958, 963 (E.D. Cal. 1998).

**2.    Analysis**

The Court starts its analysis with the language of the endorsement:

> A. Section II — Who is An Insured is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy....

(Def.'s MSJ, Ex. 1 at 53 & Ex. 2 at 116.) Neither party disputes the core requirement that a party seeking additional insured status must enter into a written contract or agreement with the insured for coverage. The sole dispute is whether Coast and Naylor satisfied that requirement.

Gemini contends no evidence of a contract or agreement exists. It submits three signed bid sheets and a change order, which Coast's chief executive identified as his company's contracts with Naylor. (Def.'s MSJ, Ex. 6.) None of these documents states that Coast will name Naylor as an additional insured. Indeed, they

do not mention insurance at all.

Naylor counters that *other* writings, namely a letter and facsimile, form the requisite agreement. (Response at 4.) Naylor explains that in mid-2004 the developer on the Summit Avenue project told him what he would need from the subcontractors. (Naylor Decl. ¶ 11.) Naylor copied those requirements into a letter, and "sometime on or after June 23, 2004," his letter "was provided to Coast (and other subcontractors)."[2] (Naylor Decl. ¶¶ 8-11.) Naylor's letter is attached as evidence. It does not mention Coast by name; in fact, it contains no salutation line at all, and the name and address for "1320 Summit Avenue LLC" (the developer) appears in the space typically reserved for a recipient's address. (Naylor Decl., Ex. A.) In the body, Naylor directs the recipient to "[p]lease supply" current contact information, and he lists several items "required for initial invoice," including a completed and signed W-9, a copy of a general contractor's license, and a "copy of the General Liability Policy naming Naylor Construction and 1320 Summit Avenue, LLC as additional insured." (Naylor Decl., Ex. A.) Naylor states in his declaration that this information "was requested in order for Coast to be allowed to work on the project and be paid." (Naylor Decl. ¶ 8.)

Naylor further declares that on July 30, 2004, Coast, through its insurance broker, sent him a fax. (Naylor Decl. ¶ 12.) Although he "was provided with a Certificate of Insurance and Additional Insured Endorsement," he can now only locate "page three of the three page fax" (the endorsement page). (Naylor Decl. 6-12.) Naylor submits a different fax from the broker to *Coast*, which includes the same two documents. (Naylor Decl. ¶ 12; Quade Decl., Ex. G.) That fax appears to have been sent at approximately the same time.

The certificate of insurance referenced by Naylor identifies "Naylor

---

[2] Gemini objects to this statement on the grounds that Naylor never indicates how he has personal knowledge of these facts. (Def.'s Objections at 6-7, ECF No. 65-2.) The objection is overruled. Personal knowledge may be reasonably inferred from Naylor's position and the nature of his participation in the matters to which he swore. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990).

1  Construction" as a certificate holder for Policy Number VCGP008343, and it
2  explains that "Certificate Holder is named Additional Insured . . . per attached form
3  VE01820703." (Quade Decl., Ex. G.) The referenced form is the endorsement page
4  in the policy at issue.
5      Having reviewed the parties' submissions, the Court concludes that Gemini is
6  not entitled to summary judgment. The endorsement expressly requires a written
7  "contract *or* agreement." (emphasis added). Although the words "contract" and
8  "agreement" are often used interchangeably,[3] "agreement" has a wider meaning and
9  contains no implication that legal consequences are or are not produced. *See*
10 *Stevens v. Dillon*, 74 Cal. App. 2d 178, 182 (1946) (an agreement is "a
11 manifestation of mutual assent by two or more persons to one another"). In the
12 Court's view, there is at least a genuine issue of fact as to whether Naylor and Coast
13 exchanged the letter and facsimile in a manner evincing the parties' mutual assent to
14 add Naylor as an additional insured, thereby satisfying the written agreement
15 requirement.
16     Gemini asserts that the letter "cannot be part of a nonexistent contract in
17 writing between Coast and Naylor" because it was merely a "letter from Naylor to
18 1320 Summit Avenue LLC." (Reply at 1.) But there is reason to question that
19 characterization. Although the developer's name and contact information do appear
20 in the space typically reserved for a recipient's address, Naylor has introduced
21 evidence creating a material factual dispute about whether he did, in fact, send the
22 letter to Coast. For instance, Naylor submits copies of Coast's contractor's license
23 and W-9, two documents specifically requested in the letter, and found in Naylor's
24 job file. (Naylor Decl., Ex. D.) Naylor declares that Coast provided these
25 documents on August 3, 2004, four days after the broker's fax. (Naylor Decl. ¶ 13.)
26 Naylor also submits evidence that a different subcontractor had a copy of the letter.
27
28     [3] A "contract" is statutorily defined in California as "an agreement to do or not to do a certain thing." Cal. Civ. Code § 1549.

(Quade Decl., Ex. E.), which suggests a wider dissemination than Gemini contends. Even if Naylor's letter is not in Coast's job file for the Summit Project, a fact that Gemini asserts in its Reply, the judge's function on summary judgment "is not himself to weigh the evidence and determine the truth of the matter." *See Anderson*, 477 U.S. at 249.

The Court also is not persuaded by Gemini's argument that the certificate of insurance cannot be part of a written agreement. Gemini cites *Empire Fire & Marine Ins. Co. v. Bell*, 55 Cal. App. 4th 1410, 1423 n.25 (1997) for the proposition that, under California law, a certificate of insurance is "merely evidence that a policy has been issued." Gemini notes that this certificate is covered with disclaimers that it is "issued as a matter of information only," "confers no rights upon the certificate holder," "does not amend, extend or alter the coverage afforded by the policies below," and so on. (Def.'s MSJ, Ex. 4.) Were the Court to view the certificate in a vacuum, it would agree that, as a matter of law, the certificate does not constitute a written agreement to make Naylor an additional insured. But the Court does not view the certificate in a vacuum. Naylor has presented evidence that he requested from Coast a "copy of the General Liability Policy naming Naylor Construction and 1320 Summit Avenue, LLC as additional insured" and that he subsequently received *both* the certificate and endorsement. Naylor is not asserting that the certificate overrides the policy; he is asserting that the parties' written exchange evinces their intent to comply with it. Naylor's evidence may be thin, but viewing it in the light most favorable to Naylor, the Court concludes that there is at least a factual dispute as to his status as an additional insured.

## CONCLUSION

For the reasons stated above, Gemini's motion is **DENIED.**

**IT IS SO ORDERED.**

DATED: March __, 2013

HON. ROGER T. BENITEZ
United States District Court Judge